UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | | |
|---|---|---|
| TERESA A. WHITTLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:24-CV-62-JEM |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

This case is before the undersigned pursuant to 28 U.S.C. § 636(c), Rule 73 of the Federal Rules of Civil Procedure, and the consent of the parties [Doc. 10]. Teresa A. Whittle ("Plaintiff") seeks judicial review of the decision of the Administrative Law Judge ("ALJ"), the final decision of the Commissioner of Social Security ("Commissioner"). For the reasons set forth below, the Court will **GRANT IN PART AND DENY IN PART** Plaintiff's Motion for Judgment on the Administrative Record [**Doc. 12**].

I.  PROCEDURAL HISTORY

In June 2020, Plaintiff filed for Disability Insurance Benefits under Title II of the Social Security Act, 42 U.S.C. § 401 *et seq.* [Tr. 220]. Her claim was denied initially [*id.* at 78] and upon reconsideration [*id.* at 101], Plaintiff requested a hearing [*id.* at 137]. On October 3, 2023, Plaintiff appeared before Administrative Law Judge Shannon Heath ("the ALJ" or "ALJ Heath") for a hearing [*Id.* at 38–69]. On December 29, 2023, ALJ Heath determined that Plaintiff was not disabled [*Id.* at 17–28]. The Appeals Counsel denied Plaintiff's request for review [*id.* at 1], making the ALJ's decision the final decision of the Commissioner.

Having exhausted her administrative remedies, Plaintiff filed a Complaint with this Court on August 19, 2024, seeking judicial review of the Commissioner's final decision under 42 U.S.C. § 405(g) [Doc. 1]. The parties have filed opposing briefs [Docs. 12, 16, & 17]. The matter is ripe for adjudication.

## II. DISABILITY ELIGIBILITY AND ALJ FINDINGS

"Disability" means an individual cannot "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). An individual will only be considered disabled:

> [I]f h[er] physical or mental impairment or impairments are of such severity that [s]he is not only unable to do h[er] previous work but cannot, considering h[er] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which [s]he lives, or whether a specific job vacancy exists for h[er], or whether [s]he would be hired if [s]he applied for work.

*Id.* §§ 423(d)(2)(A), 1382c(a)(3)(B).

Disability is evaluated pursuant to a five-step analysis summarized as follows:

1. If claimant is doing substantial gainful activity, she is not disabled.

2. If claimant is not doing substantial gainful activity, her impairment must be severe before he can be found to be disabled.

3. If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and her impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.

4. If claimant's impairment does not prevent him from doing her past relevant work, he is not disabled.

5. Even if claimant's impairment does prevent him from doing her past relevant work, if other work exists in the national economy that accommodates her residual functional capacity ("RFC") and vocational factors (age, education, skills, etc.), she is not disabled.

*Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997) (citing 20 C.F.R. § 404.1520).

A claimant's residual functional capacity ("RFC") is assessed between steps three and four and is "based on all the relevant medical and other evidence in [the claimant's] case record." 20 C.F.R. §§ 404.1520(a)(4), 404.1520(e), 416.920(a)(4), 416.920(e). RFC is the most a claimant can do despite her limitations. *Id.* §§ 404.1545(a)(1), 416.945(a)(1).

The claimant bears the burden of proof at the first four steps. *Walters*, 127 F.3d at 529. The burden shifts to the Commissioner at step five. *Id.* At the fifth step, the Commissioner must prove that there is work available in the national economy that the claimant could perform. *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999) (citing *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987)).

Here, the ALJ made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2025.

2. The claimant has not engaged in substantial gainful activity since March 19, 2020, the alleged onset date (20 C.F.R. § 404.1571 *et seq.*).

3. The claimant has the following severe impairments: degenerative disc disease of the lumbar spine; degenerative disc disease of the cervical spine; degenerative joint disease of both hands; rheumatoid arthritis; lupus; and fibromyalgia (20 C.F.R § 404.1520(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R Pt. 404, Subpart P, App'x 1 (20 C.F.R §§ 404.1520(d), 404.1525 and 404.1526).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 C.F.R § 404.1567(b) except she can never climb ladders, ropes, or scaffolds. She can occasionally perform all other

postural activities. She must avoid concentrated exposure to temperature extremes, vibrations, pulmonary irritants, unprotected heights, and moving machinery. She can frequently reach overhead with her upper extremities, bilaterally.

6. The claimant is capable of performing past relevant work as a "data entry clerk" and "cardiac monitor technician." This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 C.F.R § 404.1565).

7. The claimant has not been under a disability, as defined in the Social Security Act, from March 19, 2020, through the date of this decision (20 C.F.R 404.1520(f)).

[Tr. 19–27 (citations cleaned up)].

## III. STANDARD OF REVIEW

When reviewing the Commissioner's determination of whether an individual is disabled pursuant to 42 U.S.C. § 405(g), the Court is limited to determining whether the ALJ's decision was reached through application of the correct legal standards and in accordance with the procedure mandated by the regulations and rulings promulgated by the Commissioner, and whether the ALJ's findings are supported by substantial evidence. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004). In reviewing the Commissioner's decision, the Court must consider the record as a whole. *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001).

Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ, or whether the reviewing judge may have decided the case differently. *Crisp v. Sec'y of Health & Hum. Servs.*, 790 F.2d 450, 453 n.4 (6th Cir. 1986). The substantial evidence standard is intended to create a "'zone of choice' within which the Commissioner can

act, without the fear of court interference." *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001) (quoting *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)). Additionally, the Supreme Court has explained that "'substantial evidence' is a 'term of art,'" and "whatever the meaning of 'substantial' in other settings, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 587 U.S. 97, 102 (2019). Rather, substantial evidence "means—and means only— 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* at 103 (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). In determining whether an ALJ's findings are supported by substantial evidence, the Court does not try the case de novo, weigh the evidence, or make credibility determinations nor resolve conflicts in the evidence, nor decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

In addition to considering whether the ALJ's decision is supported by substantial evidence, the Court must review whether the ALJ employed the correct legal criteria. It is grounds for reversal of a decision—even if supported by substantial evidence—where "the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2006).

On review, the plaintiff "bears the burden of proving [her] entitlement to benefits." *Boyes v. Sec'y of Health & Hum. Servs.*, 46 F.3d 510, 512 (6th Cir. 1994). Furthermore, the Court is not under any obligation to scour the record for errors not identified by the claimant and arguments not raised and supported in more than a perfunctory manner may be deemed waived. *See McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997) (noting that conclusory claims of error without further argument or authority may be considered waived).

IV. ANALYSIS

Plaintiff raises one issue for review: whether the ALJ properly explained the RFC finding [Doc. 12]. Specifically, she asserts that the ALJ's decision does not demonstrate how she considered Plaintiff's mental impairments and pain, which frustrates meaningful review, necessitating remand. The Commissioner responds that the ALJ demonstrates that she properly considered Plaintiff's mental impairments and the effects of her pain, and that Plaintiff has not met her burden of proof or shown any error in the ALJ's decision.

A claimant's RFC is the most an individual can do despite her limitations. 20 C.F.R. § 416.945(a)(1). In assessing the RFC, "the ALJ must consider limitations and restrictions imposed by all of [the] individual's impairments, even those that are non-severe." *Kirkland v. Comm'r of Soc. Sec.*, 528 F. App'x 425, 427 (6th Cir. 2013) (alteration in original) (quoting *Fisk v. Astrue*, 253 F. App'x 580, 583 (6th Cir. 2007)); *see also* Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, at *5 (July 2, 1996).

The RFC assessment must be based on all the relevant evidence in the record, like a claimant's medical history, the effects of treatment, reports of daily activities, effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment. SSR 96-8P, 1996 WL 374184, at *5. While the ALJ must consider all the evidence, she is not required to address each piece of evidence in the decision. *Boseley v. Comm'r of Soc. Sec. Admin.*, 397 F. App'x 195, 199 (6th Cir. 2010). "[But] the ALJ must give some indication of the evidence upon which [s]he is relying, and [s]he may not ignore evidence that does not support h[er] decision[.]" *Fleischer v. Astrue*, 774 F. Supp. 2d 875, 881 (N.D. Ohio 2011) (citation omitted).

### A. Plaintiff's Mental Impairments

Plaintiff asserts that the ALJ erred in assessing her RFC by failing to consider her mental impairments—depression and anxiety [Doc. 12 pp. 9–12]. Because the ALJ found at step two that

Plaintiff experiences mild mental limitations but did not include any mental limitations in the RFC finding and did not explain why, Plaintiff contends that the Court is unable to meaningfully review whether substantial evidence supports the finding [*Id.*].

The Commissioner responds that the ALJ found that Plaintiff's depression and anxiety "did not result in any workplace functional mental limitations" [Doc. 16 p. 4]. Additionally, the Commissioner submits that at step two, the ALJ explained why Plaintiff's anxiety and depression are not severe, which supports why she did not include mental limitations in the RFC [*Id.* at 4–7]. Finally, the Commissioner asserts that Plaintiff's arguments do not show any error in the ALJ's decision and that "[t]o the extent that Plaintiff is arguing that the ALJ failed to explain how the mild paragraph B limitations would allow her to perform her past relevant work," she fails to demonstrate a basis for remand as she bears the burden of proof through step four and does not point to any evidence showing mental functional restrictions [*Id.* at 11 (internal citation omitted)].

Plaintiff replies that the issue is that the ALJ did not explain how the mild limitations found at step two would impact the overall RFC determination [Doc. 17 p. 2]. She asserts that "[t]he ALJ fails to even mention Plaintiff's non-severe mental impairments during the step four analysis which is error" [*Id.* at 3 (citation omitted)].

The regulations prescribe a special technique to evaluate the severity of mental impairments. 20 C.F.R. § 404.1520a(a). An ALJ rates the degree to which a mental impairment limits a claimant's functioning in four areas, known as the "Paragraph B criteria" [*see* Tr. 20]: understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself. 20 C.F.R. § 404.1520a(c)(3). If the ALJ rates the degrees of limitation as "none" or "mild," the mental impairment is generally not severe. *Id.* § 404.1520a(d)(1).

"Step 2 findings are merely the result of a threshold inquiry." *Richardson v. Saul*, 511 F. Supp. 3d 791, 799 (E.D. Ky. 2021) (citations omitted). As the Commissioner notes, "An ALJ's findings of mild limitations in the paragraph B factors does not mandate inclusion of any mental limitations in the RFC" [Doc. 16 p. 9 (collecting cases)]. "That is because '[t]he mental RFC assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment by itemizing various functions contained in the broad categories found in paragraphs B and C of the adult mental disorder listings.'" *Gomez v. Comm'r of Soc. Sec.*, No. 1:22-CV-282, 2024 WL 925546, at *5 (E.D. Tenn. Mar. 4, 2024) (alteration in original) (quoting SSR 96-8p, 1996 WL 374184, at *4). While the ALJ found Plaintiff had mild limitations in all the paragraph B factors, this "does not necessarily mean that Plaintiff will have corresponding limitations with regard to her RFC." *Id.* (citation omitted).

Even so, "an ALJ's failure to explain how a claimant's mild psychological limitations affect the RFC assessment may constitute reversible error where the ALJ makes no mention of the claimant's mental impairments in the RFC analysis." *Id.* (quoting *Shamsud-Din v. Comm'r of Soc. Sec.*, No. 16-cv-11818, 2017 WL 3574694, at *6 (E.D. Mich. July 24, 2017)). "[T]he Court's inquiry turns to whether substantial evidence supports the ALJ's determination not to include mental limitations in Plaintiff's RFC." *See Terry v. Saul*, No. 1:20-CV-104, 2021 WL 3277264, at *9 (E.D. Tenn. June 30, 2021) (citation omitted), *report and recommendation adopted*, No. 1:20-CV-104, 2021 WL 3276158 (E.D. Tenn. July 30, 2021).

The Commissioner asserts that the ALJ did not err because her discussion of the evidence demonstrates why she did not include mental limitations in the RFC finding [Doc. 16 pp. 10–11]. The Commissioner points to the ALJ's analysis of the paragraph B criteria [*id.* at 5–6] and the ALJ's discussion of other evidence in the record [*id.* at 6–7], in which she "recognized that

(1) Plaintiff's 'mental status examinations throughout the record d[id] not reveal any significant, abnormal findings,' and (2) Plaintiff's psychiatric treatment was 'rare,' 'conservative,' and *not* at the hands of a mental health specialist" [*Id.* at 6 (alterations in original) (quoting Tr. 21)].

"[T]hese statements, however, were made by the ALJ at step two," *Gomez*, 2024 WL 925546, at *9, and "provide[] no indication to the Court whether [] Plaintiff's mild mental limitations had some or no effect on the Plaintiff's ability to perform light work," *Ceol v. Berryhill*, No. 3:15-CV-315, 2017 WL 1194472, *10 (E.D. Tenn. Mar. 30, 2017) (citation omitted). At step two, the ALJ found that Plaintiff's anxiety and depression causes mild limitations, but the RFC analysis does not refer to the impairments. *Cf. Smith v. Comm'r of Soc. Sec.*, 715 F. Supp. 3d 994, 1000 (E.D. Mich. 2024) (finding no error where "the ALJ specifically mentioned Plaintiff's mental impairments in his RFC analysis").

The Commissioner contends that "[t]he ALJ concluded that Plaintiff's examination signs and treatment history did not support a more limited RFC, and in reaching that determination she 'considered all of the claimant's impairments, including impairments that [we]re not severe'" [Doc. 16 p. 10 (alterations in original) (quoting Tr. 10)]. But this argument cites to the ALJ's statement of applicable law. Indeed, the only references to Plaintiff's mental limitations in the RFC analysis is in regard to her fibromyalgia as "fibro fog" [Tr. 26].

The Court has read the ALJ's decision as a whole, *Hill v. Comm'r of Soc. Sec.*, 560 F. App'x 547, 551 (6th Cir. 2014), and observes that in step 2, the ALJ discusses the RFC assessment after concluding that Plaintiff's mental impairments are not severe [Tr. 21]. The Commissioner points out that the ALJ discusses the opinion evidence related to Plaintiff's psychological health [Doc. 16 pp. 6–7], but this "does nothing to explain to Plaintiff or the Court why the ALJ included no limitations in the RFC to account for the impairments or why no

9
Case 4:24-cv-00062-JEM    Document 20    Filed 09/25/25    Page 9 of 15    PageID #: 2644

limitations were warranted." *Michael S. v. Comm'r of Soc. Sec.*, No. 22-11735, 2023 WL 3854101, at *14 (E.D. Mich. June 6, 2023). The ALJ found persuasive the finding of state agency psychological consultant, Dr. Barry Morris, Ph.D., who opined that Plaintiff's mental impairments were not severe, and found unpersuasive the finding of state mental health consultant Dr. Jenaan Khaleeli, Psy.D., who opined that Plaintiff has moderate limitations in responding to changes in the work setting [Tr. 21–22]. But the ALJ also found "somewhat persuasive" the opinion of Dr. Elizabeth P. Sebastian, Psy.D., who opined that Plaintiff showed evidence of (1) mild impairment in her ability to sustain concentration; (2) no impairment in her short-term memory, long-term and remote memory functioning; (3) mild-to-moderate impairment in social relating; and (4) mild-to-moderate impairment in the ability to adapt to change due to difficulty coping with her reported physical conditions [Tr. 22]. The ALJ explained that (3) and (4), mild-to-moderate limitations in social relating or adapting to change, were unsupported by Dr. Sebastian's examination notes and inconsistent with Plaintiff's consistent treatment [*Id.*]. But even with this explanation, the ALJ does not explain why Plaintiff's mild impairment to sustain concentration does not impact the RFC.

Even considering the ALJ's assessment of the opinion evidence as part of the RFC analysis, the "Court is left to speculate how the ALJ ultimately arrived at an RFC that included no mental limitations." *Gomez*, 2024 WL 925546, at *6. "By not including a discussion of why the RFC excluded [Plaintiff's] mental impairments, the ALJ did not provide 'a more detailed' analysis of these mental impairments, at Step 4, as SSR 96-8p instructs." *Richardson*, 511 F. Supp. 3d at 799 (quoting SSR 96-8p, 1996 WL 374184, at *4).

While the Commissioner suggests that the ALJ "reasonably found that Plaintiff's non-severe impairments of depression and anxiety . . . did not result in any workplace functional

10
Case 4:24-cv-00062-JEM Document 20 Filed 09/25/25 Page 10 of 15 PageID #: 2645

mental limitations" [Doc. 16 p. 4], "[t]he Court simply cannot discern this because the ALJ did not in any way address the matter. Meaningful review requires more." *Richardson*, 511 F. Supp. 3d at 799 (citation omitted); *see also Terry v. Saul*, No. 1:20-CV-104, 2021 WL 3277264, at *10 (E.D. Tenn. June 30, 2021) ("In the present case, the Court finds that remand is warranted because the ALJ failed to consider [the p]laintiff's non-severe mental impairments in the RFC determination."), *report and recommendation adopted*, No. 1:20-CV-104, 2021 WL 3276158 (E.D. Tenn. July 30, 2021); *cf. Fannin v. Berryhill*, No. 3:17-CV-236-DCP, 2019 WL 1434653, at *12 (E.D. Tenn. Mar. 29, 2019) ("Although the ALJ found that [the p]laintiff has mild limitations in concentration, persistence, or pace at Step Three, she explained during the subsequent RFC determination how these non-severe impairments did not affect [the p]laintiff's RFC, as [the p]laintiff's subjective allegations were not consistent with the objective medical evidence or [the p]laintiff's daily activities." (citations omitted)).

The Court finds that the ALJ erred by failing to explain how she considered Plaintiff's mental limitations in finding Plaintiff's RFC and that this is harmful error. *See Ceol*, 2017 WL 1194472, at *10 ("[T]he ALJ was required to consider both severe and non-severe impairments in shaping the Plaintiff's RFC and the failure to do so is not harmless." (citing *Murray v. Colvin*, No. 3:12-0410, 2014 WL 5323061, at *12 (M.D. Tenn. Oct. 16, 2014))), *adopted by* No. 3:12-CV-00410, 2014 WL 5824539, at *1 (M.D. Tenn. Nov. 7, 2014)).

### B. Plaintiff's Physical Impairments & Pain

Plaintiff asserts that the ALJ erred in failing to sufficiently consider how her "pain related to her physical impairments impact her ability to work" [Doc. 12 p. 12]. The Commissioner responds that the ALJ "thoroughly evaluated Plaintiff's complaints of chronic pain" and properly "concluded that her statements were not entirely consistent with the medical and other evidence"

[Doc. 16 p. 7 (citation omitted)]. Plaintiff replies that the ALJ did not indicate that she experiences no pain and that rejecting her subjective complaints does not reasonably explain why the RFC finding has no non-exertional limitations [Doc. 17 p. 3].

The ALJ is required to "evaluate the intensity and persistence of [the plaintiff's] symptoms[,]" including pain, in order to "determine how [the plaintiff's] symptoms limit [the] capacity to work." 20 C.F.R. § 404.1529(c)(1). In evaluating symptoms, relevant factors include:

> the claimant's daily activities; the location, duration, frequency, and intensity of [the] symptoms; factors that precipitate and aggravate [the] symptoms; the type, dosage, effectiveness, and side effects of any medication taken to alleviate the symptoms; other treatment undertaken to relieve symptoms; and any other factors bearing on the limitations of the claimant to perform basic functions.

*Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007) (citation omitted); *see also* SSR 16-3p, 2017 WL 5180304, at *1 (Oct. 25, 2017) (explaining how the ALJ should consider the effects of symptoms).

"The ALJ need not analyze all seven factors but should show that she considered the relevant evidence." *Phillips v. Comm'r of Soc. Sec. Admin.*, No. 3:22-CV-01144, 2023 WL 4078204, at *8 (N.D. Ohio Apr. 4, 2023) (citation omitted), *report and recommendation adopted sub nom. Phillips v. Comm'r of Soc. Sec.*, No. 3:22-CV-01144, 2023 WL 5602726 (N.D. Ohio Aug. 30, 2023). "The determination or decision must contain specific reasons for the weight given to the individual's symptoms, be consistent with and supported by the evidence, and be clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms." SSR 16-3p, 2017 WL 5180304, at *10.

The Court finds remand on this issue not warranted. In addition to her depression and anxiety, Plaintiff alleged disability based on her lupus, numerous gastrointestinal diseases,

12

Case 4:24-cv-00062-JEM    Document 20    Filed 09/25/25    Page 12 of 15    PageID #: 2647

fibromyalgia, back problems (prior surgery and pain management), and frequent migraine headaches [Tr. 242 & 253]. In assessing Plaintiff's RFC, the ALJ considered that:

> The claimant has been diagnosed with degenerative disc disease of the lumbar spine, degenerative disc disease of the cervical spine, degenerative joint disease of both hands, rheumatoid arthritis, lupus, and fibromyalgia. She reports lower back pain, which she describes as constant (Exhibit 35F, p. 6). She also reports neck pain without radiculopathy (exhibit 55F, p. 2). She indicates that the pain affects her ability to sit, stand, and walk for an extended period of time (Exhibit 23F, p. 8). She reports that her rheumatological impairments affect her ability to use both upper extremities, necessitating the use of compression gloves (Hearing Testimony).

[Tr. 24]. The ALJ found, "[a]fter careful consideration of the evidence, . . . that [Plaintiff's] medically determinable impairments could reasonably expected to cause the alleged symptoms; however, the [Plaintiff's] statements about the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record" [*Id.*].

The ALJ explained that with respect to Plaintiff's lumbar degenerative disc disease the pre-surgical imaging studies and the post-surgical imaging studies do not substantiate her subjective symptoms [Tr. 24]. She discussed that the imaging revealed mild findings and that "[t]he examination notes do not support the reported severity of the claimant's lumbar degenerative disc disease" [*Id.*]. The ALJ noted that while there were some abnormal findings, her posture was normal, her strength was 5/5, her sensation and gait were intact, and there was no evidence she used an assistive device to ambulate [Tr. 25]. Similarly, the ALJ found that neither the imaging studies, nor the examination notes support the severity of Plaintiff's cervical degenerative disc disease [*Id.*]. The ALJ noted that there were some abnormal findings on the examiner's note but that the Spurling's testing was negative, she maintained 5/5 strength, displayed intact sensation without evidence of atrophy, and she received conservative treatment [*Id.*].

Turning to her osteoarthritis, the ALJ stated that the medical records showed mild osteoarthritis in both hands, "she retain[ed] 5/5 strength throughout both upper extremities" and she could "make a full fist" [*Id.* (citations omitted)]. In evaluating her rheumatoid arthritis, the ALJ stated that her medical examiners saw only mild puffiness and that she could make a full fist [*Id.*]. The medical records also show that Plaintiff "retain[ed] 5/5 strength throughout both upper extremities[,]" "[t]here [was] no persistent evidence of edema or swelling throughout her lower extremities[,]" and that "[t]here [was] no persistent evidence of weight loss or fever" [*Id.*].

The ALJ asserted that with respect to Plaintiff's lupus, she reported that "a persistent face rash when out in the sun" and that as a result, she was "directed to avoid sun exposure" [*Id.* (citation omitted)]. But the ALJ noted that Plaintiff "does not generally present to medical examinations with a rash" [*Id.* (citations omitted)]. When Plaintiff reported chest pain, the ALJ stated that the "the objective test return[ed] normal" [*Id.* at 26 (citation omitted)]. And other objective tests results were normal [*Id.*].

The ALJ also discussed Plaintiff's fibromyalgia [*Id.*]. The ALJ acknowledged that "18/18 tender points return[ed] positive[,]" but noted that Plaintiff did "not generally present to medical examinations in any acute or apparent distress" and "the record [did] not support mental symptoms, like fibro fog" [*Id.*].

Based on the review of the record, the Court finds that the ALJ sufficiency explained how she considered Plaintiff's symptoms and the relevant evidence. SSR 16-3p, 2017 WL 5180304, at *5–6. Remand is not warranted on this issue.

## V. CONCLUSION

For the reasons explained, the Court will **GRANT IN PART AND DENY IN PART** Plaintiff's Motion for Judgment on the Administrative Record [**Doc. 12**] and **REMAND** the matter for the ALJ to further consider Plaintiff's mental impairments.

ORDER ACCORDINGLY.

ENTER:

Jill E. McCook
United States Magistrate Judge